# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KELLIE AMBER MARIE AGGABAO, <br><br> Defendant. | Case No. 20-cr-02154-BAS <br><br> **ORDER REGARDING LETTER ABOUT PRE-SENTENCE REPORT** <br><br> **(ECF No. 63)** |

The Court received a letter from Defendant Kellie Amber Marie Aggabao about her Pre-Sentence Report. (ECF No. 63.) Ms. Aggabao claims the Probation Department inaccurately described one of her state court convictions. (*Id.*) Ms. Aggabao further claims this issue is preventing her from receiving a credit on her custody time for completing the Bureau of Prisons ("BOP")'s Residential Drug Abuse Treatment Program ("RDAP"). (*See id.*)

Federal Rule of Criminal Procedure 32 governs challenges to a presentence report. "However, Rule 32 'allows the defendant to challenge factual inaccuracies during imposition of the sentence, not later.'" *United States v. Catabran*, 884 F.2d

1288, 1289 (9th Cir. 1989) (quoting *United States v. Freeny*, 841 F.2d 1000, 1002 (9th Cir. 1988)).  Meaning, "once the district court has imposed sentence, the court lacks jurisdiction under Rule 32 to hear challenges to a presentence report." *Id.*; *accord United States v. Rodriguez*, No. 17-CR-215-GPC, 2021 WL 4168195, at *2 (S.D. Cal. Sept. 14, 2021) (Curiel, J.) ("There is a strong consensus among courts which have considered the question that district courts do not have the authority to order substantive amendments to presentence reports, after sentencing has concluded."); *see also United States v. Lee*, 727 F. App'x 335, 336 (9th Cir. 2018).

Here, the Pre-Sentence Report was issued in October 2020, and the Court sentenced Ms. Aggabao in October 2021.  (ECF Nos. 34, 60.)  Therefore, the Court lacks the authority to consider her request to amend the Pre-Sentence Report.  *See Catabran*, 884 F.2d at 1289.

**IT IS SO ORDERED.**

**DATED: July 6, 2023**

Hon. Cynthia Bashant
United States District Judge